{¶ 1} Defendant-appellant, Frankie Lewis, appeals his conviction from the Cuyahoga County Common Pleas Court after a jury found him guilty of aggravated robbery with gun specifications. Finding no error in the proceedings below, we affirm.
 {¶ 2} The victim, Michael Middleton, and Lewis worked together at UPS in Highland Heights, Ohio. Lewis and the victim owned the same model car, a 1977 Monte Carlo. In October 2004, the victim sold Lewis a set of rims, which included the tires, and "spinners" for his car. They agreed on a down payment of $1,500 with the remaining balance of $500 to be paid the following payday. Lewis paid the victim $1,500, and the victim gave Lewis three of the four rims. It appears from the record that the parties met several times in order for the victim to deliver all the parts. Lewis never paid the balance.
 {¶ 3} On November 13, 2004, the victim contacted Lewis and they arranged to meet at the Grenada Apartments in Warrensville Heights, Ohio, for Lewis to pay the victim the remainder of the money owed. When the victim arrived, Lewis was standing away from the parking lot between two apartment buildings. The victim began walking with Lewis when Craig Buchanan, Lewis's best friend, appeared from the side of the building and pointed a gun at him. The victim tried to run, but Lewis grabbed the victim by the collar of his jacket, put a gun to his side, and told him not to run. The victim testified that he did not get a good look at the gun in Lewis's hand because he was too afraid to look, but he testified that he saw black and metal.
 {¶ 4} Lewis began questioning the victim about a break in at Lewis's apartment a few weeks earlier. The victim testified that he did not know what Lewis was talking about and that he was able to slip out of his jacket and run from the two. The victim borrowed a cell phone from someone and called the police. The victim testified that in his jacket was his wallet, his cell phone, and $350 cash.
 {¶ 5} Officer Jason Taft arrived on the scene first and noticed two suspects matching the victim's description standing next to Lewis's vehicle. When the officer exited his vehicle, Lewis fled on foot. Buchanan tried to flee but was arrested and identified on the scene. A gun was recovered from the rear seat of Lewis's vehicle. This gun was later identified as the gun brandished by Buchanan. The victim's jacket and wallet were recovered from the front passenger seat. The victim's cell phone was also recovered, but the $350 was not. Lewis turned himself in the following day. His gun was never recovered.
 {¶ 6} At trial, both Lewis and Buchanan testified. Both stated that it was not their intention to rob the victim, but rather, they wanted to confront him regarding the break in at Lewis's apartment, which they believed was committed by the victim. Both testified that there was only one gun and neither planned to use it. Finally, they both testified that Lewis planned to return the victim's coat at work on Monday and neither went through the victim's pockets.
 {¶ 7} The jury convicted Lewis of one count of aggravated robbery with one- and three-year firearm specifications. He was sentenced to a total of six years in prison. Lewis appeals, advancing one assignment of error for our review, which states the following:
 {¶ 8} "The conviction is against the manifest weight of the evidence."
 {¶ 9} In reviewing a claim challenging the manifest weight of the evidence, the question to be answered is whether "there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Leonard, 104 Ohio St.3d 54, 68,2004-Ohio-6235 (internal quotes and citations omitted).
 {¶ 10} In this case, Lewis argues that he cannot be convicted of aggravated robbery because there was no attempt to commit a theft offense. He argues that the victim's testimony that he was robbed was not credible and is a misinterpretation of the situation. Lewis argues that he and Buchanan confronted the victim to discuss the break in at Lewis's apartment, not to rob him. In addition, Lewis argues that there is no credible evidence that he had a gun.
 {¶ 11} Lewis was convicted of aggravated robbery in violation of R.C. 2911.01(A), which states the following:
"No person, in attempting or committing a theft offense, asdefined in section 2913.01 of the Revised Code, or in fleeingimmediately after the attempt or offense, shall do any of thefollowing:
 "(1) Have a deadly weapon on or about the offender's person orunder the offender's control and either display the weapon,brandish it, indicate that the offender possesses it, or useit;"
 {¶ 12} The theft statute reads:
"No person, with purpose to deprive the owner of property orservices, shall knowingly obtain or exert control over either theproperty or services in any of the following ways:
 "(1) Without the consent of the owner or person authorized togive consent;
 "(2) Beyond the scope of the express or implied consent of theowner or person authorized to give consent;
 "(3) By deception;
 "(4) By threat;
 "(5) By intimidation." See R.C. 2913.02 (A).
 {¶ 13} In this case, there was credible evidence presented that the victim was robbed at gunpoint. Although the victim left his jacket behind in order to escape, Lewis took the jacket to his car, which was parked in another lot. In addition, the $350 was never recovered. Finally, we do not find the testimony by Buchanan and Lewis that Lewis planned to return the victim's jacket at work credible in light of the fact they confronted the victim with a gun. After reviewing the entire record, we cannot say that the jury clearly lost its way and created such a manifest miscarriage of justice that Lewis's conviction should be reversed and a new trial ordered.
 {¶ 14} Lewis's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., and Rocco, J., concur.